1 | MELINDA HAAG (CABN 132612)
2 | United States Attorney

FILED

FEB 24 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WHO

7 | **CR 15 126**

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | VIOLATIONS: Title 18, United States Code, Section 1962(d) – Racketeering Conspiracy; Title 18, United States Code, Section 1962(c) – Racketeering; Title 18, United States Code, Section 1956(h) – Money Laundering Conspiracy; Title 18, United States Code, Section 1956(a)(3)(A) & (B) – Money Laundering; Title 18, United States Code, Section 641 – Theft of United States Property; Title 21, United States Code, Section 846 – Narcotics Conspiracy; Title 18, United States Code, Section 2 – Aiding & Abetting; Title 18, United States Code, Sections 1963, 982(a)(1), and 981(a)(1)(C), Title 21, United States Code, Section 853(a)(1) & (2), and Title 28, United States Code, Section 2461(c) – Forfeiture |
| (1) VLADIMIR HANDL, | |
| (2) MICHAEL ROSE, | |
| (3) PETER SCALISE, | |
| (4) PML CLUBS, INC., | |
| (5) DAVID GAITHER, | |
| (6) JONATHAN FERRARO, | |
| (7) RICHARD LEYLAND, | |
| (8) EDWIN HETHERTON, and | |
| (9) PAUL FINK, | |
| | |
| Defendants. | |
| | SAN FRANCISCO VENUE |
| | UNDER SEAL |

23 | **INDICTMENT**

24 | The Grand Jury charges:

25 | COUNT ONE: (18 U.S.C. § 1962(d) – Racketeering Conspiracy)

26 | Introductory Allegations

27 | At all times relevant to this Indictment:

28 | 1. Defendant VLADIMIR HANDL was a businessman in Myrtle Beach, South Carolina,

1 │ with a variety of business interests, including interests in restaurants, night clubs, and personal fitness.

2 │ HANDL operated and controlled, among other entities, VIP Group, LLC, International VH, LLC, and

3 │ Heat Lounge, LLC. Defendant MICHAEL ROSE, like HANDL, was a businessman in the Myrtle

4 │ Beach area, with interests in, among other things, restaurants, night clubs, and strip clubs. ROSE was

5 │ the principal owner of defendant PML CLUBS, INC. PML CLUBS, INC., was a Delaware corporation

6 │ with ROSE in South Carolina as its registered agent. ROSE, through PML CLUBS, INC., owned the

7 │ rights to use the name "The Gold Club" in connection with the operation of strip clubs. ROSE, through

8 │ PML CLUBS, INC., licensed the name "The Gold Club" to franchisees throughout the United States.

9 │ ROSE, through PML CLUBS, INC., also directly operated a variety of strip clubs on the East Coast of

10 │ the United States, including The Gold Clubs in Myrtle Beach, Hilton Head, and Wellford in South

11 │ Carolina, The Gold Club in Wilmington, Delaware, and The Gold Club in Bedford, New Hampshire. In

12 │ addition to PML CLUBS, INC., ROSE also operated and controlled, among other entities, Explosive

13 │ Clubs, Inc., Nightclub and Restaurant Services, LLC, Legacy Entertainment, East Coast Restaurant &

14 │ Nightclubs, and Micro Management Group, LLC.

15 │ 2. Defendant DAVID GAITHER was an associate of MICHAEL ROSE and helped manage

16 │ some of ROSE's strip clubs. Defendant JONATHAN FERRARO was also an associate of ROSE and

17 │ owned and operated several clubs of his own in Wisconsin. Defendant PETER SCALISE was an

18 │ associate of HANDL who, at one time, operated a restaurant with HANDL. SCALISE was also a

19 │ brother-in-law of Edwin Hetherton, with whom he engaged in fraudulent real estate transactions.

20 │ <u>The Racketeering Enterprise</u>

21 │ 3. Defendants VLADIMIR HANDL, MICHAEL ROSE, PETER SCALISE, PML CLUBS,

22 │ INC., DAVID GAITHER, and JONATHAN FERRARO, and the entities operated and controlled by

23 │ HANDL and ROSE, including VIP Group, LLC, International VH, LLC, and Heat Lounge, LLC,

24 │ Explosive Clubs, Inc., Nightclub and Restaurant Services, LLC, Legacy Entertainment, East Coast

25 │ Restaurant & Nightclubs, and Micro Management Group, LLC, together with others known and

26 │ unknown, comprised the "Handl Enterprise." The Handl Enterprise, including its leadership, members,

27 │ and associates, in the Northern District of California and elsewhere, constituted an "enterprise" as

28 │ defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals and entities

associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

4.     The purposes of the Handl Enterprise included but were not limited to the following:

a.     Obtaining profits and property for its members and associates through the commission of criminal acts, including, but not limited to, laundering money;

b.     Promoting and enhancing the enterprise and the activities of its members and associates;

c.     Providing assistance to other enterprise members and associates in order to hinder, obstruct, and prevent law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

### Means and Methods of the Enterprise

5.     Among the means and methods by which the members and associates of the Handl Enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

a.     The members and associates of the Handl Enterprise sought to establish relationships with individuals they believed were engaged in criminal activity in order to cultivate clients for the Handl Enterprise's money laundering services.

b.     The members and associates of the Handl Enterprise created shell business entities in order to use these entities for their money laundering activities.

c.     The members and associates of the Handl Enterprise created documents containing false information, such as fraudulent invoices, false contracts, and other fraudulent business records, in order to facilitate their money laundering activities.

d.     The members and associates of the Handl Enterprise used assets and property of PML CLUBS, INC., and other entities operated and controlled by HANDL and ROSE in order to facilitate their money laundering activities.

f.     The members and associates of the Handl Enterprise solicited investments from individuals they believed were engaged in criminal activity.

1    The Racketeering Conspiracy

2        6.    From at least in or about 2011, up through and including the date of this Indictment, in

3    the Northern District of California and elsewhere, the defendants,

4                        (1) VLADIMIR HANDL,

5                        (2) MICHAEL ROSE,

6                        (3) PETER SCALISE,

7                        (4) PML CLUBS, INC.,

8                        (5) DAVID GAITHER, and

9                        (6) JONATHAN FERRARO,

10   and others known and unknown, being persons employed by and associated with the enterprise

11   described above, namely, the Handl Enterprise, which enterprise was engaged in, and the activities of

12   which affected, interstate and foreign commerce, unlawfully and knowingly combined, conspired,

13   confederated, and agreed together and with each other to conduct and participate, directly and indirectly,

14   in the conduct of the affairs of the enterprise through a pattern of racketeering activity, which pattern of

15   racketeering consisted of:

16        a.    multiple acts indictable under Title 18, United States Code, Sections 1956 and

17   1344; and

18        b.    offenses involving dealing in a controlled substance, in violation of Title 18,

19   United States Code, Sections 841(a)(1) and 846.

20        7.    It was part of the conspiracy that each defendant agreed that a conspirator would commit

21   at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

22        All in violation of Title 18, United States Code, Section 1962(d).

23   COUNT TWO:  (18 U.S.C. § 1962(c) – Racketeering)

24        8.    Paragraphs 1 through 5 of this Indictment are realleged, repeated, and incorporated by

25   reference as though fully set forth herein.

26        9.    From at least in or about 2011, up through and including the date of this Indictment, in

27   the Northern District of California and elsewhere, the defendants,

28                        (1) VLADIMIR HANDL,

1    (2) MICHAEL ROSE,

2    (3) PETER SCALISE, and

3    (4) PML CLUBS, INC.,

4    and others known and unknown, being persons employed by and associated with the enterprise

5    described above, namely, the Handl Enterprise, which enterprise was engaged in, and the activities of

6    which affected, interstate and foreign commerce, unlawfully and knowingly conducted and participated,

7    directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering

8    activity, that is, through the commission of the acts of racketeering set forth in Paragraphs 10 through 12

9    of this Indictment as Racketeering Acts 1 through 118.

10                              The Pattern of Racketeering Activity

11       10.    The pattern of racketeering activity, as defined in Title 18, United States Code, Sections

12   1961(1) and 1961(5), consisted of the following acts:

13                              Racketeering Acts 1 Through 13

14                                  (Money Laundering)

15       11.    Defendants VLADIMIR HANDL and PETER SCALISE committed the following acts of

16   racketeering, which constitute Racketeering Acts 1 through 13:

17                a.    On or about the dates set forth in the following table, in the Northern District of

18   California and elsewhere, the defendants,

19                              VLADIMIR HANDL and

20                                  PETER SCALISE,

21   and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying

22   on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and

23   control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property

24   from a court in connection with a case under Title 11, in violation of Title 18, United States Code,

25   Section 152, conducted and attempted to conduct a financial transaction, to wit, wire transfers, involving

26   property represented to be the proceeds of specified unlawful activity, and property used to conduct and

27   facilitate specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(A)

28   & (B) and 2, as described in the following table:

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 1 | January 17, 2012 | Wire Transfer | $13,500 |
| 2 | January 23, 2012 | Wire Transfer | $22,500 |
| 3 | January 30, 2012 | Wire Transfer | $22,500 |
| 4 | February 6, 2012 | Wire Transfer | $22,500 |
| 5 | February 13, 2012 | Wire Transfer | $22,500 |
| 6 | February 21, 2012 | Wire Transfer | $22,500 |
| 7 | February 27, 2012 | Wire Transfer | $22,500 |
| 8 | March 5, 2012 | Wire Transfer | $22,500 |
| 9 | March 12, 2012 | Wire Transfer | $22,500 |
| 10 | March 19, 2012 | Wire Transfer | $22,500 |
| 11 | March 26, 2012 | Wire Transfer | $22,500 |
| 12 | April 3, 2012 | Wire Transfer | $22,500 |
| 13 | April 9, 2012 | Wire Transfer | $9,000 |

<u>Racketeering Acts 14 Through 118</u>

(Money Laundering)

12.     Defendants VLADIMIR HANDL, MICHAEL ROSE, PETER SCALISE, and PML CLUBS, INC., committed the following acts of racketeering, which constitute Racketeering Acts 14 through 118:

      a.     On or about the dates set forth in the following table, in the Northern District of California and elsewhere, the defendants,

(1) VLADIMIR HANDL,

(2) MICHAEL ROSE,

(3) PETER SCALISE, and

(4) PML CLUBS, INC.,

and others known and unknown, unlawfully and knowingly, and with the intent to conceal and disguise

1 the nature, location, source, ownership, and control of property believed to be the proceeds of specified
2 unlawful activity, to wit, distribution of a controlled substance and possession of a controlled substance
3 with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy
4 to distribute a controlled substance and to possess a controlled substance with intent to distribute, in
5 violation of Title 21, United States Code, Section 846, conducted and attempted to conduct a financial
6 transaction, to wit, transfers of checks that were subsequently negotiated and wire transfers, involving
7 property represented to be the proceeds of specified unlawful activity, in violation of Title 18, United
8 States Code, Sections 1956(a)(3)(B) and 2, as described in the following table:

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 14 | June 7, 2012 | Transfer of Check | $27,500 |
| 15 | June 11, 2012 | Transfer of Check | $25,000 |
| 16 | June 14, 2012 | Transfer of Check | $23,975 |
| 17 | June 15, 2012 | Transfer of Check | $13,525 |
| 18 | June 25, 2012 | Transfer of Check | $21,140 |
| 19 | June 28, 2012 | Transfer of Check | $26,850 |
| 20 | July 3, 2012 | Transfer of Check | $18,950 |
| 21 | July 11, 2012 | Transfer of Check | $20,050 |
| 22 | July 16, 2012 | Transfer of Check | $12,050 |
| 23 | July 16, 2012 | Transfer of Check | $13,400 |
| 24 | July 26, 2012 | Transfer of Check | $22,560 |
| 25 | July 22, 2012 | Transfer of Check | $24,750 |
| 26 | July 25, 2012 | Transfer of Check | $19,500 |
| 27 | July 25, 2012 | Transfer of Check | $19,400 |
| 28 | July 27, 2012 | Transfer of Check | $8,060 |
| 29 | July 30, 2012 | Transfer of Check | $5,500 |
| 30 | August 2, 2012 | Transfer of Check | $11,520 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 31 | August 5, 2012 | Transfer of Check | $14,380 |
| 32 | August 10, 2012 | Transfer of Check | $8,050 |
| 33 | August 13, 2012 | Transfer of Check | $9,024 |
| 34 | August 15, 2012 | Transfer of Check | $14,816 |
| 35 | August 22, 2012 | Transfer of Check | $14,424 |
| 36 | August 27, 2012 | Transfer of Check | $18,900 |
| 37 | August 31, 2012 | Transfer of Check | $23,700 |
| 38 | September 4, 2012 | Transfer of Check | $9,000 |
| 39 | September 7, 2012 | Transfer of Check | $18,600 |
| 40 | September 10, 2012 | Transfer of Check | $9,000 |
| 41 | September 17, 2012 | Transfer of Check | $18,720 |
| 42 | September 20, 2012 | Transfer of Check | $15,800 |
| 43 | September 21, 2012 | Transfer of Check | $9,000 |
| 44 | September 24, 2012 | Transfer of Check | $16,400 |
| 45 | September 24, 2012 | Transfer of Check | $8,500 |
| 46 | September 28, 2012 | Transfer of Check | $18,044 |
| 47 | October 4, 2012 | Transfer of Check | $18,000 |
| 48 | October 8, 2012 | Transfer of Check | $19,750 |
| 49 | October 13, 2012 | Transfer of Check | $29,400 |
| 50 | October 19, 2012 | Transfer of Check | $9,000 |
| 51 | October 22, 2012 | Transfer of Check | $20,400 |
| 52 | October 25, 2012 | Transfer of Check | $10,200 |
| 53 | October 30, 2012 | Transfer of Check | $14,125 |
| 54 | November 5, 2012 | Transfer of Check | $14,125 |
| 55 | November 9, 2012 | Transfer of Check | $24,000 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 56 | November 16, 2012 | Transfer of Check | $22,500 |
| 57 | November 26, 2012 | Transfer of Check | $21,800 |
| 58 | November 29, 2012 | Transfer of Check | $18,500 |
| 59 | December 4, 2012 | Transfer of Check | $34,075 |
| 60 | December 5, 2012 | Transfer of Check | $14,125 |
| 61 | December 12, 2012 | Transfer of Check | $25,640 |
| 62 | December 24, 2012 | Transfer of Check | $24,450 |
| 63 | December 28, 2012 | Transfer of Check | $26,850 |
| 64 | December 31, 2012 | Transfer of Check | $27,225 |
| 65 | January 2, 2013 | Transfer of Check | $16,850 |
| 66 | January 18, 2013 | Transfer of Check | $2,850 |
| 67 | January 28, 2013 | Transfer of Check | $2,850 |
| 68 | February 4, 2013 | Transfer of Check | $8,285 |
| 69 | February 8, 2013 | Transfer of Check | $35,550 |
| 70 | February 8, 2013 | Transfer of Check | $7,500 |
| 71 | February 11, 2013 | Transfer of Check | $25,000 |
| 72 | February 11, 2013 | Transfer of Check | $19,500 |
| 73 | February 11, 2013 | Transfer of Check | $43,500 |
| 74 | February 12, 2013 | Transfer of Check | $15,750 |
| 75 | February 15, 2013 | Transfer of Check | $7,750 |
| 76 | February 20, 2013 | Transfer of Check | $28,450 |
| 77 | March 22, 2013 | Transfer of Check | $5,850 |
| 78 | April 10, 2013 | Transfer of Check | $1,150 |
| 79 | June 24, 2014 | Transfer of Check | $20,000 |
| 80 | June 30, 2014 | Transfer of Check | $15,500 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 81 | July 1, 2014 | Transfer of Check | $25,000 |
| 82 | July 7, 2014 | Transfer of Check | $25,000 |
| 83 | July 7, 2014 | Transfer of Check | $21,000 |
| 84 | July 7, 2014 | Transfer of Check | $35,000 |
| 85 | July 8, 2014 | Transfer of Check | $25,000 |
| 86 | July 10, 2014 | Transfer of Check | $25,000 |
| 87 | July 14, 2014 | Wire Transfer | $23,500 |
| 88 | July 14, 2014 | Transfer of Check | $35,000 |
| 89 | July 15, 2014 | Transfer of Check | $16,000 |
| 90 | July 21, 2014 | Transfer of Check | $39,250 |
| 91 | July 22, 2014 | Transfer of Check | $25,000 |
| 92 | July 23, 2014 | Transfer of Check | $25,000 |
| 93 | July 28, 2014 | Transfer of Check | $25,000 |
| 94 | July 28, 2014 | Transfer of Check | $25,750 |
| 95 | August 4, 2014 | Transfer of Check | $35,000 |
| 96 | August 4, 2014 | Transfer of Check | $23,500 |
| 97 | August 12, 2014 | Transfer of Check | $30,000 |
| 98 | August 15, 2014 | Transfer of Check | $25,000 |
| 99 | August 15, 2014 | Transfer of Check | $30,000 |
| 100 | August 17, 2014 | Transfer of Check | $16,500 |
| 101 | August 20, 2014 | Transfer of Check | $30,000 |
| 102 | August 21, 2014 | Transfer of Check | $25,000 |
| 103 | August 25, 2014 | Transfer of Check | $31.250 |
| 104 | August 26, 2014 | Wire Transfer | $20,000 |
| 105 | September 12, 2014 | Transfer of Check | $40,000 |

| Racketeering Act | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 106 | September 13, 2014 | Transfer of Check | $10,000 |
| 107 | September 15, 2014 | Transfer of Check | $25,000 |
| 108 | September 16, 2014 | Transfer of Check | $20,000 |
| 109 | September 19, 2014 | Transfer of Check | $30,000 |
| 110 | September 25, 2014 | Transfer of Check | $15,000 |
| 111 | September 28, 2014 | Transfer of Check | $10,000 |
| 112 | September 29, 2014 | Transfer of Check | $20,000 |
| 113 | September 29, 2014 | Transfer of Check | $20,000 |
| 114 | October 3, 2014 | Transfer of Check | $17,500 |
| 115 | October 15, 2014 | Transfer of Check | $10,000 |
| 116 | December 1, 2014 | Transfer of Check | $3,250 |
| 117 | December 12, 2014 | Transfer of Check | $5,000 |
| 118 | December 31, 2014 | Transfer of Check | $5,000 |

All in violation of Title 18, United States Code, Section 1962(c).

COUNT THREE: (18 U.S.C. § 1956(h) – Money Laundering Conspiracy)

13. Paragraphs 1 through 4 of this Indictment are realleged, repeated, and incorporated by reference as though fully set forth herein.

14. From at least in or about 2011, up through and including the date of this Indictment, in the Northern District of California and elsewhere, the defendants,

(1) VLADIMIR HANDL,

(2) MICHAEL ROSE,

(3) PETER SCALISE,

(4) PML CLUBS, INC.,

(5) DAVID GAITHER, and

(6) JONATHAN FERRARO,

1 | and others known and unknown, unlawfully and knowingly combined, conspired, confederated, and
2 | agreed together and with each other to violate Title 18, United States Code, Section 1956(a)(3)(A) &
3 | (B).

4 |       15.    It was a part and an object of the conspiracy that the defendants,

5 | (1) VLADIMIR HANDL,

6 | (2) MICHAEL ROSE,

7 | (3) PETER SCALISE,

8 | (4) PML CLUBS, INC.,

9 | (5) DAVID GAITHER, and

10 | (6) JONATHAN FERRARO,

11 | and others known and unknown, with the intent to promote the carrying on of specified unlawful activity

12 | and to conceal and disguise the nature, location, source, ownership, and control of property believed to

13 | be the proceeds of specified unlawful activity, to wit, concealing property from a court in connection

14 | with a case under Title 11, in violation of Title 18, United States Code, Section 152, distribution of a

15 | controlled substance and possession of a controlled substance with intent to distribute, in violation of

16 | Title 21, United States Code, Section 841(a)(1), and conspiracy to distribute a controlled substance and

17 | to possess a controlled substance with intent to distribute, in violation of Title 21, United States Code,

18 | Section 846, unlawfully and knowingly would and did conduct and attempt to conduct a financial

19 | transaction involving property represented to be the proceeds of specified unlawful activity, and

20 | property used to conduct and facilitate specified unlawful activity, in violation of Title 18, United States

21 | Code, Section 1956(a)(3)(A) & (B).

22 |      All in violation of Title 18, United States Code, Section 1956(h).

23 | COUNTS FOUR THROUGH SIXTEEN: (18 U.S.C. §§ 1956(a)(3)(A) & (B) and 2 – Money

24 | Laundering)

25 |       16.     On or about the dates set forth in the following table, in the Northern District of

26 | California and elsewhere, the defendants,

27 | VLADIMIR HANDL and

28 | PETER SCALISE,

1  and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying

2  on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and

3  control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property

4  from a court in connection with a case under Title 11, in violation of Title 18, United States Code,

5  Section 152,  conducted and attempted to conduct a financial transaction, to wit, wire transfers,

6  involving property represented to be the proceeds of specified unlawful activity, and property used to

7  conduct and facilitate specified unlawful activity, as described in the following table:

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
| --- | --- | --- | --- |
| 4 | January 17, 2012 | Wire Transfer | $13,500 |
| 5 | January 23, 2012 | Wire Transfer | $22,500 |
| 6 | January 30, 2012 | Wire Transfer | $22,500 |
| 7 | February 6, 2012 | Wire Transfer | $22,500 |
| 8 | February 13, 2012 | Wire Transfer | $22,500 |
| 9 | February 21, 2012 | Wire Transfer | $22,500 |
| 10 | February 27, 2012 | Wire Transfer | $22,500 |
| 11 | March 5, 2012 | Wire Transfer | $22,500 |
| 12 | March 12, 2012 | Wire Transfer | $22,500 |
| 13 | March 19, 2012 | Wire Transfer | $22,500 |
| 14 | March 26, 2012 | Wire Transfer | $22,500 |
| 15 | April 3, 2012 | Wire Transfer | $22,500 |
| 16 | April 9, 2012 | Wire Transfer | $9,000 |

24       All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) & (B) and 2.

25  COUNTS SEVENTEEN THROUGH ONE HUNDRED TWENTY-ONE:  (18 U.S.C. §§ 1956(a)(3)(B)

26  and 2 – Money Laundering)

27       17.     On or about the dates set forth in the following table, in the Northern District of

28  California and elsewhere, the defendants,

1    (1) VLADIMIR HANDL,

2    (2) MICHAEL ROSE,

3    (3) PETER SCALISE, and

4    (4) PML CLUBS, INC.,

5 and others known and unknown, unlawfully and knowingly, and with the intent to conceal and disguise

6 the nature, location, source, ownership, and control of property believed to be the proceeds of specified

7 unlawful activity, to wit, distribution of a controlled substance and possession of a controlled substance

8 with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and conspiracy

9 to distribute a controlled substance and to possess a controlled substance with intent to distribute, in

10 violation of Title 21, United States Code, Section 846, conducted and attempted to conduct a financial

11 transaction, to wit, transfers of checks that were subsequently negotiated and wire transfers, involving

12 property represented to be the proceeds of specified unlawful activity, as described in the following

13 table:

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|-------|-------------------------------|-------------------------------|---------------------------------|
| 17 | June 7, 2012 | Transfer of Check | $27,500 |
| 18 | June 11, 2012 | Transfer of Check | $25,000 |
| 19 | June 14, 2012 | Transfer of Check | $23,975 |
| 20 | June 15, 2012 | Transfer of Check | $13,525 |
| 21 | June 25, 2012 | Transfer of Check | $21,140 |
| 22 | June 28, 2012 | Transfer of Check | $26,850 |
| 23 | July 3, 2012 | Transfer of Check | $18,950 |
| 24 | July 11, 2012 | Transfer of Check | $20,050 |
| 25 | July 16, 2012 | Transfer of Check | $12,050 |
| 26 | July 16, 2012 | Transfer of Check | $13,400 |
| 27 | July 26, 2012 | Transfer of Check | $22,560 |
| 28 | July 22, 2012 | Transfer of Check | $24,750 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|-------|-------------------------------|-------------------------------|--------------------------------|
| 29 | July 25, 2012 | Transfer of Check | $19,500 |
| 30 | July 25,2012 | Transfer of Check | $19,400 |
| 31 | July 27, 2012 | Transfer of Check | $8,060 |
| 32 | July 30, 2012 | Transfer of Check | $5,500 |
| 33 | August 2, 2012 | Transfer of Check | $11,520 |
| 34 | August 5, 2012 | Transfer of Check | $14,380 |
| 35 | August 10, 2012 | Transfer of Check | $8,050 |
| 36 | August 13, 2012 | Transfer of Check | $9,024 |
| 37 | August 15, 2012 | Transfer of Check | $14,816 |
| 38 | August 22, 2012 | Transfer of Check | $14,424 |
| 39 | August 27, 2012 | Transfer of Check | $18,900 |
| 40 | August 31, 2012 | Transfer of Check | $23,700 |
| 41 | September 4, 2012 | Transfer of Check | $9,000 |
| 42 | September 7, 2012 | Transfer of Check | $18,600 |
| 43 | September 10, 2012 | Transfer of Check | $9,000 |
| 44 | September 17, 2012 | Transfer of Check | $18,720 |
| 45 | September 20, 2012 | Transfer of Check | $15,800 |
| 46 | September 21, 2012 | Transfer of Check | $9,000 |
| 47 | September 24, 2012 | Transfer of Check | $16,400 |
| 48 | September 24, 2012 | Transfer of Check | $8,500 |
| 49 | September 28, 2012 | Transfer of Check | $18,044 |
| 50 | October 4, 2012 | Transfer of Check | $18,000 |
| 51 | October 8, 2012 | Transfer of Check | $19,750 |
| 52 | October 13, 2012 | Transfer of Check | $29,400 |
| 53 | October 19, 2012 | Transfer of Check | $9,000 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 54 | October 22, 2012 | Transfer of Check | $20,400 |
| 55 | October 25, 2012 | Transfer of Check | $10,200 |
| 56 | October 30, 2012 | Transfer of Check | $14,125 |
| 57 | November 5, 2012 | Transfer of Check | $14,125 |
| 58 | November 9, 2012 | Transfer of Check | $24,000 |
| 59 | November 16, 2012 | Transfer of Check | $22,500 |
| 60 | November 26, 2012 | Transfer of Check | $21,800 |
| 61 | November 29, 2012 | Transfer of Check | $18,500 |
| 62 | December 4, 2012 | Transfer of Check | $34,075 |
| 63 | December 5, 2012 | Transfer of Check | $14,125 |
| 64 | December 12, 2012 | Transfer of Check | $25,640 |
| 65 | December 24, 2012 | Transfer of Check | $24,450 |
| 66 | December 28, 2012 | Transfer of Check | $26,850 |
| 67 | December 31, 2012 | Transfer of Check | $27,225 |
| 68 | January 2, 2013 | Transfer of Check | $16,850 |
| 69 | January 18, 2013 | Transfer of Check | $2,850 |
| 70 | January 28, 2013 | Transfer of Check | $2,850 |
| 71 | February 4, 2013 | Transfer of Check | $8,285 |
| 72 | February 8, 2013 | Transfer of Check | $35,550 |
| 73 | February 8, 2013 | Transfer of Check | $7,500 |
| 74 | February 11, 2013 | Transfer of Check | $25,000 |
| 75 | February 11, 2013 | Transfer of Check | $19,500 |
| 76 | February 11, 2013 | Transfer of Check | $43,500 |
| 77 | February 12, 2013 | Transfer of Check | $15,750 |
| 78 | February 15, 2013 | Transfer of Check | $7,750 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 79 | February 20, 2013 | Transfer of Check | $28,450 |
| 80 | March 22, 2013 | Transfer of Check | $5,850 |
| 81 | April 10, 2013 | Transfer of Check | $1,150 |
| 82 | June 24, 2014 | Transfer of Check | $20,000 |
| 83 | June 30, 2014 | Transfer of Check | $15,500 |
| 84 | July 1, 2014 | Transfer of Check | $25,000 |
| 85 | July 7, 2014 | Transfer of Check | $25,000 |
| 86 | July 7, 2014 | Transfer of Check | $21,000 |
| 87 | July 7, 2014 | Transfer of Check | $35,000 |
| 88 | July 8, 2014 | Transfer of Check | $25,000 |
| 89 | July 10, 2014 | Transfer of Check | $25,000 |
| 90 | July 14, 2014 | Wire Transfer | $23,500 |
| 91 | July 14, 2014 | Transfer of Check | $35,000 |
| 92 | July 15, 2014 | Transfer of Check | $16,000 |
| 93 | July 21, 2014 | Transfer of Check | $39,250 |
| 94 | July 22, 2014 | Transfer of Check | $25,000 |
| 95 | July 23, 2014 | Transfer of Check | $25,000 |
| 96 | July 28, 2014 | Transfer of Check | $25,000 |
| 97 | July 28, 2014 | Transfer of Check | $25,750 |
| 98 | August 4, 2014 | Transfer of Check | $35,000 |
| 99 | August 4, 2014 | Transfer of Check | $23,500 |
| 100 | August 12, 2014 | Transfer of Check | $30,000 |
| 101 | August 15, 2014 | Transfer of Check | $25,000 |
| 102 | August 15, 2014 | Transfer of Check | $30,000 |
| 103 | August 17, 2014 | Transfer of Check | $16,500 |

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|---|---|---|---|
| 104 | August 20, 2014 | Transfer of Check | $30,000 |
| 105 | August 21, 2014 | Transfer of Check | $25,000 |
| 106 | August 25, 2014 | Transfer of Check | $31.250 |
| 107 | August 26, 2014 | Wire Transfer | $20,000 |
| 108 | September 12, 2014 | Transfer of Check | $40,000 |
| 109 | September 13, 2014 | Transfer of Check | $10,000 |
| 110 | September 15, 2014 | Transfer of Check | $25,000 |
| 111 | September 16, 2014 | Transfer of Check | $20,000 |
| 112 | September 19, 2014 | Transfer of Check | $30,000 |
| 113 | September 25, 2014 | Transfer of Check | $15,000 |
| 114 | September 28, 2014 | Transfer of Check | $10,000 |
| 115 | September 29, 2014 | Transfer of Check | $20,000 |
| 116 | September 29, 2014 | Transfer of Check | $20,000 |
| 117 | October 3, 2014 | Transfer of Check | $17,500 |
| 118 | October 15, 2014 | Transfer of Check | $10,000 |
| 119 | December 1, 2014 | Transfer of Check | $3,250 |
| 120 | December 12, 2014 | Transfer of Check | $5,000 |
| 121 | December 31, 2014 | Transfer of Check | $5,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

//

1 | COUNT ONE HUNDRED TWENTY-TWO: (18 U.S.C. § 1956(h) – Money Laundering Conspiracy)

2 |     18.     From at least in or about 2010, up through and including the date of this Indictment, in

3 | the Northern District of California and elsewhere, the defendants,

4 | <center>RICHARD LEYLAND and</center>

5 | <center>EDWIN HETHERTON,</center>

6 | and others known and unknown, unlawfully and knowingly combined, conspired, confederated, and

7 | agreed together and with each other to violate Title 18, United States Code, Section 1956(a)(3)(A) &

8 | (B).

9 |     19.     It was a part and an object of the conspiracy that the defendants,

10 | <center>RICHARD LEYLAND and</center>

11 | <center>EDWIN HETHERTON,</center>

12 | and others known and unknown, with the intent to promote the carrying on of specified unlawful activity

13 | and to conceal and disguise the nature, location, source, ownership, and control of property believed to

14 | be the proceeds of specified unlawful activity, to wit, concealing property from a court in connection

15 | with a case under Title 11, in violation of Title 18, United States Code, Section 152, unlawfully and

16 | knowingly would and did conduct and attempt to conduct a financial transaction involving property

17 | represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate

18 | specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A) & (B).

19 | All in violation of Title 18, United States Code, Section 1956(h).

20 | COUNTS ONE HUNDRED TWENTY-THREE THROUGH ONE HUNDRED TWENTY-FIVE: (18

21 | U.S.C. §§ 1956(a)(3)(A) & (B) and 2 – Money Laundering)

22 |     20.     On or about the dates set forth in the following table, in the Northern District of

23 | California and elsewhere, the defendant,

24 | <center>EDWIN HETHERTON,</center>

25 | and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying

26 | on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and

27 | control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property

28 | from a court in connection with a case under Title 11, in violation of Title 18, United States Code,

Section 152, conducted and attempted to conduct a financial transaction, to wit, wire transfers, involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, as described in the following table:

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|-------|-------------------------------|-------------------------------|----------------------------------|
| 123 | March 2, 2010 | Wire Transfer | $45,750 |
| 124 | March 4, 2010 | Wire Transfer | $40,000 |
| 125 | March 12, 2010 | Wire Transfer | $35,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) & (B) and 2.

COUNTS ONE HUNDRED TWENTY-SIX THROUGH ONE HUNDRED TWENTY-NINE: (18 U.S.C. §§ 1956(a)(3)(A) & (B) and 2 – Money Laundering)

21. On or about the dates set forth in the following table, in the Northern District of California and elsewhere, the defendant,

RICHARD LEYLAND,

and others known and unknown, unlawfully and knowingly, and with the intent to promote the carrying on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, to wit, concealing property from a court in connection with a case under Title 11, in violation of Title 18, United States Code, Section 152, conducted and attempted to conduct a financial transaction, to wit, wire transfers, involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, as described in the following table:

//

| Count | Date of Financial Transaction | Type of Financial Transaction | Amount of Financial Transaction |
|-------|------------------------------|-------------------------------|--------------------------------|
| 126 | September 27, 2010 | Wire Transfer | $48,000 |
| 127 | October 4, 2010 | Wire Transfer | $52,000 |
| 128 | October 13, 2010 | Wire Transfer | $65,000 |
| 129 | December 22, 2010 | Wire Transfer | $20,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) & (B) and 2.

COUNT ONE HUNDRED THIRTY:  (18 U.S.C. §§ 641 and 2 – Theft of United States Property)

22.     From at least in or about early 2010, up through and including in or about July 2011, in the Northern District of California and elsewhere, the defendant,

EDWIN HETHERTON,

and others known and unknown, unlawfully and knowingly embezzled, stole, purloined, and knowingly converted to his use and the use of another money of the United States and a department and agency thereof, to wit, HETHERTON stole approximately $29,000 of undercover money of the United States.

All in violation of Title 18, United States Code, Sections 641 and 2.

COUNT ONE HUNDRED THIRTY-ONE:  (18 U.S.C. §§ 641 and 2 – Theft of United States Property)

23.     From at least in or about early September 2010, up through and including on or about October 22, 2010, in the Northern District of California and elsewhere, the defendant,

RICHARD LEYLAND,

and others known and unknown, unlawfully and knowingly embezzled, stole, purloined, and knowingly converted to his use and the use of another money of the United States and a department and agency thereof, to wit, HETHERTON stole approximately $60,000 of undercover money of the United States.

All in violation of Title 18, United States Code, Sections 641 and 2.

COUNT ONE HUNDRED THIRTY-TWO:  (21 U.S.C. § 846 – Conspiracy to Distribute a Controlled Substance/Possess a Controlled Substance with Intent to Distribute)

24.     From at least in or about March 2014, up through and including the date of this Indictment, in the Northern District of California and elsewhere, the defendants,

1    VLADIMIR HANDL and

2    PAUL FINK,

3    and others known and unknown, unlawfully, knowingly, and intentionally combined, conspired,

4    confederated, and agreed together and with each other to distribute a controlled substance and to possess

5    a controlled substance with intent to distribute, to wit, cocaine, in violation of Title 21, United States

6    Code, Sections 841(a)(1) and (b)(1)(C).

7        All in violation of Title 21, United States Code, Section 846.

8    FORFEITURE ALLEGATIONS: (18 U.S.C. § 1963 – Proceeds and Property Involved in Racketeering;

9    18 U.S.C. § 982(a)(1) – Proceeds and Property Involved in Money Laundering; 18 U.S.C. §

10   981(a)(1)(C) and 28 U.S.C. § 2461(c) – Proceeds and Property Derived from Theft of United States

11   Property; and 21 U.S.C. § 853(a)(1) & (2) – Proceeds and Property Derived from Narcotics Offenses)

12       25.    Counts One and Two of this Indictment are realleged, repeated, and incorporated by

13   reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions

14   of Title 18, United States Code, Section 1963.

15       26.    Upon conviction of any one of the offenses alleged in Count One and Count Two, the

16   defendants,

17               (1) VLADIMIR HANDL,

18               (2) MICHAEL ROSE,

19               (3) PETER SCALISE,

20               (4) PML CLUBS, INC.,

21               (5) DAVID GAITHER, and

22               (6) JONATHAN FERRARO,

23   shall, pursuant to Title 18, United States Code, Section 1963, forfeit to the United States of America:

24           a.    Any interest acquired and maintained in violation of section 1962;

25           b.    Any interest in, security of, claim against, and property and contractual right of

26   any kind affording a source of influence over, any enterprise which the defendants established, operated,

27   controlled, conducted, and participated in the conduct of, in violation of section 1962; and

28           c.    Any property constituting, and derived from, any proceeds obtained, directly and

1 indirectly, from racketeering activity and unlawful debt collection in violation of 1962.

2     27.    Counts Three to One Hundred Twenty-Nine of this Indictment are realleged, repeated,

3 and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture

4 pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

5     28.    Upon conviction of any one of the offenses alleged in Count Three to Count One

6 Hundred Twenty-Nine of this Indictment, the defendants,

7                  (1) VLADIMIR HANDL,

8                  (2) MICHAEL ROSE,

9                  (3) PETER SCALISE,

10                  (4) PML CLUBS, INC.,

11                  (5) DAVID GAITHER,

12                  (6) JONATHAN FERRARO,

13                  (7) EDWIN HETHERTON, and

14                  (8) RICHARD LEYLAND,

15 shall, pursuant to 18 U.S.C. § 982(a)(1), forfeit to the United States any property, real and personal,

16 involved in said violations, and any property traceable to such property.

17     29.    Counts One Hundred Thirty to One Hundred Thirty-One of this Indictment are realleged,

18 repeated, and incorporated by reference as though fully set forth herein for the purpose of alleging

19 forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

20 United States Code, Section 2461(c).

21     30.    Upon conviction of any one of the offenses alleged in Counts One Hundred Thirty and

22 One Hundred Thirty-One of this Indictment, the defendants,

23                  RICHARD LEYLAND and

24                  EDWIN HETHERTON

25 shall, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

26 Section 2461(c), forfeit to the United States any property, real and personal, which constitutes or is

27 derived from proceeds traceable to said violations, and a conspiracy to commit said violations.

28     31.    Count One Hundred Thirty-Two of this Indictment are realleged, repeated, and

1   incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant

2   to the provisions of Title 21, United States Code, Section 853(a)(1) & (2).

3        32.    Upon conviction of the offense alleged in Count One Hundred Thirty-Two of this

4   Indictment, the defendants,

5                                  VLADIMIR HANDL and

6                                        PAUL FINK,

7   shall, pursuant to Title 21, United States Code, Section 853(a)(1) & (2), forfeit to the United States all

8   right, title, and interest in property constituting and derived from any proceeds defendants obtained,

9   directly and indirectly, as a result of said violations, and any property used, and intended to be used, in

10   any manner and part, to commit, or to facilitate the commission of the said violations, and any property

11   traceable to such property.

12        33.    If any of the property described above, as a result of any act or omission of the

13   defendants:

14              a.    Cannot be located upon the exercise of due diligence;

15              b.    Has been transferred or sold to, or deposited with, a third party;

16              c.    Has been placed beyond the jurisdiction of the court;

17              d.    Has been substantially diminished in value; or

18              e.    Has been commingled with other property which cannot be divided without

19   difficulty,

20   //

21

22

23

24

25

26

27

28

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18,
United States Code, Sections 982(b)(1) and 1963(m), and Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 1963, 982(a)(1), and 981(a)(1)(C), Title
21, United States Code, Section 853(a)(1) & (2), and Title 28, United States Code, Section 2461(c).

DATED: 2/24/15                    A TRUE BILL.

FOREPERSON

MELINDA HAAG
United States Attorney

PHILIP A. GUENTERT
Deputy Chief, Criminal Division

(Approved as to form: _____)
                    W.S. WILSON LEUNG
                    Assistant United States Attorney